FILED
IN CLERK'S OFFICE
U.S. DISTRICT CO[URT]

★ FEB 14 2011

BROOKLYN OFF[ICE]

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>— against —<br><br>MELINDA SOTO,<br><br>Defendant. | 09-CR-508<br><br>Statement of Reasons Pursuant to<br>18 U.S.C. § 3553(c)(2) For<br>Revocation of Supervised Release |

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted). Although a written statement of reasons pursuant to

1

18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On January 26, 2011 Melinda Soto plead guilty to charge two of a three-charge violation of supervised release, which alleged that the defendant committed another federal offense in violation of her condition of supervised release. *See* Addendum to Violation Report. The court adopts the violation of supervised release report without change. It states that on September 17, 2010, defendant pled guilty to conspiracy to transport stolen property in interstate commerce, in violation of 18 U.S.C. § 371.

Soto was sentenced for the violation on January 26, 2011.

The court finds defendant's criminal history category to be category I with a guidelines range of imprisonment of between 4 and 10 months. *See* U.S.S.G. 7B1.2(c)(1). The offense that led to Soto's violation carried a maximum term of imprisonment of 5 years. *See* 18 U.S.C. § 371.

Soto was sentenced to 4 months' incarceration to run consecutive with the 36 month term she is currently serving. She was discharged from supervised release as unimproved.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). A sentence within the guidelines range is appropriate in this case. *See* 18 U.S.C. § 3553(a)(4)(A).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). On June 26 2009, defendant was

sentenced to two years' probation after her conviction for filing a false report concerning the importing of monetary instruments in violations of 31 U.S.C. § 5316 (a)(1)(B) and § 5422(a). This was her first offense and she was treated leniently by probation. Her crime, travelling to Virginia on several occasions and burglarizing homes, was vicious. Conspiring with others, she targeted Asian and South Asian families, used public records to contact them and determine a suitable time to conduct the burglaries, and then invaded the home invasions. Through the conspiracy she stole gold and other valuable property from the families.

Soto has a 17 year old son who is currently residing with his father. The court has taken into consideration her son's age and custody status and believes it does not warrant a lesser sentence. A sentence of four months to run consecutive with her current prison sentence reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in conspiracy to transport stolen property in interstate commerce will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation and the impact of this conviction on the defendant's employability. It is unlikely that she will engage in further criminal activity in light of the lengthy prison sentence she received.

Jack B. Weinstein
Senior United States District Judge

Dated: January 28, 2011
Brooklyn, New York